UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
MCALLEN DIVISION

| | |
|---|---|
| JAVIER RICARDO ROJAS and DELILA ROJAS, § § § Plaintiffs, § § VS. § § CARRINGTON MORTGAGE SERVICES, LLC; and THE BANK OF NEW YORK MELLON f/k/a The Bank of New York, as Trustee for Registered Holders of CWABS, Inc., Asset-Backed Certificates, Series 2007-12, § § § § § § § § § Defendants. § | CIVIL ACTION NO. 7:20-cv-00409 |

## ORDER OF DISMISSAL

The Court now considers the "Proof of Service" filed on March 11, 2021.[1] In light of Plaintiffs' failure to properly serve any Defendant, the Court **DISMISSES** this case for the reasons that follow.

### I. BACKGROUND AND PROCEDURAL HISTORY

Plaintiffs Javier Ricardo Rojas and Delila Rojas commenced this case in state court on November 30, 2020, seeking to enjoin a foreclosure sale.[2] Defendants removed to this Court on December 14, 2020, on the basis of diversity jurisdiction.[3] Plaintiffs were represented by counsel in state court who was not admitted to practice in this Court at the time of removal. The Court eventually granted Plaintiffs' counsel's motion to withdraw in the absence of any objection,

---

[1] Dkt. No. 20.
[2] Dkt. No. 1-1.
[3] Dkt. No. 1 at 3–7, ¶¶ 9–19.

leaving Plaintiffs proceeding pro se.[4] The Court notified Plaintiffs that they would be subject to the Federal Rules of Civil Procedure.[5]

The Court held an initial pretrial conference on February 22, 2021, at which the Court remarked that "Defendants had not yet been served and that the deadline for service is Monday, March 15, 2021, after which the Court may dismiss the case."[6] Plaintiffs sought and received summons for Defendants on March 5th.[7] Plaintiffs subsequently filed two documents entitled "Proof of Service" and their respective "USPS Tracking" information.[8] The Court turns to whether Plaintiffs have properly effected service of process.

## II. DISCUSSION

### a. Legal Standard

"Until the plaintiff[s] serves the defendant[s], the defendant[s] ha[ve] no duty to answer the complaint and the plaintiff[s] cannot obtain a default judgment."[9] "If a defendant is not served within 90 days after the complaint is filed, the court—on motion or on its own after notice to the plaintiff—must dismiss the action without prejudice against that defendant or order that service be made within a specified time."[10] Furthermore, "proof of service must be made to the court" generally by the server's affidavit.[11] The Court warned Plaintiffs at the February 22, 2021 initial pretrial conference that this 90-day period would expire on March 15th, which has now passed.[12]

---

[4] Dkt. No. 11.
[5] *Id.* at 1 n.5.
[6] Minute Entry (Feb. 22, 2021).
[7] Dkt. Nos. 18–19.
[8] Dkt. No. 20.
[9] *Rogers v. Hartford Life & Accident Ins. Co.*, 167 F.3d 933, 937 (5th Cir. 1999).
[10] FED. R. CIV. P. 4(m).
[11] FED. R. CIV. P. 4(*l*)(1).
[12] Minute Entry (Feb. 22, 2021).

### b. Analysis

First, the Court finds that Defendants were not properly served in state court and their removal to this Court does not waive their right to service of process or relieve Plaintiffs of their duty to serve Defendants. The state court docket, filed together with Defendants' notice of removal pursuant to Local Rule 81, bears an entry of "No Service Requested" and does not otherwise indicate that service was ever attempted or made, or that any proof of service was filed, or that Defendants answered or submitted themselves to the jurisdiction of the state court.[13] Only two weeks after Plaintiffs filed their original petition in state court, Defendants removed to this Court, but in doing so Defendants "specifically reserve[d], any and all objections as to service, objections to personal jurisdiction, defenses, rights, and motions."[14] Under governing jurisprudence, Defendants' act of removing from state court to this Court does not waive their right to object to service of process or obviate Plaintiffs' duty to effect service of process.[15] Furthermore, Defendants' filing of their certificate of interested parties[16] and state court records,[17] their participation in the joint discovery/case management plan,[18] and their appearances at two conferences[19] also do not constitute a waiver of Defendants' right to object to service of process or relieve Plaintiffs of their duty to properly serve process.[20] "The plaintiff is responsible for having the summons and complaint served within" 90 days, irrespective of

---

[13] *See* Dkt. No. 1-1 at 2.
[14] Dkt. No. 1 at 8, ¶ 24.
[15] *See City of Clarksdale v. BellSouth Telecomm., Inc.*, 428 F.3d 206, 214 n.15 (5th Cir. 2005).
[16] Dkt. No. 4.
[17] Dkt. No. 8.
[18] Dkt. No. 10.
[19] Minute Entry (Jan. 25, 2021); Minute Entry (Feb. 22, 2021).
[20] *See Custer v. M/V SEA BIRD*, No. 08-61780-CIV, 2009 WL 901509, at *2 (S.D. Fla. Mar. 31, 2009) (citing *Cactus Pipe & Supply Co. v. M/V Montmartre*, 756 F.2d 1103, 1108 (5th Cir. 1985)) (holding that an appearance must consist of taking some affirmative step in judicial proceedings and that posting a bond did not rise to that level); *Lewellen v. Morley*, 909 F.2d 1073, 1077 (7th Cir. 1990) (holding that merely filing an appearance form did not constitute a waiver of Rule 4's service requirements).

Defendants' minor[21] participation in judicial proceedings.[22] Even Defendants' "actual notice of the litigation . . . is insufficient to satisfy Rule 4's requirements."[23]

Therefore, Plaintiffs must comply with Federal Rule of Civil Procedure 4 and properly serve process on Defendants. To date, Plaintiffs have filed only the March 11, 2021 proofs of service.[24] Crucially, both proofs of service are unsigned and therefore do not constitute an affidavit of service under Rule 4(*l*). Furthermore, Rule 4(c)(2) requires that a person who is "not a party may serve a summons and complaint." In the absence of any signature or identifying information, the Court cannot determine that an individual who is not a party attested to the service of process. The two proofs of service are therefore defective and do not constitute sufficient proof of service.[25]

Moreover, the proofs of service would not constitute good service of process even if they were signed by an individual not a party to this case. The proofs of service indicate that the summons was transmitted via certified mail to Defendants' respective registered agents, and that the parcels were delivered according to the "USPS Tracking,"[26] but "the use of certified mail is not sufficient to constitute 'delivering'" as required by Federal Rule of Civil Procedure 4.[27] Even if the Court construed the proofs of service and "USPS Tracking" to constitute a delivery, the tracking information does not indicate to *whom* the parcel was delivered. One tracking

---

[21] *Cf.* 4 ADAM N. STEINMAN, FEDERAL PRACTICE AND PROCEDURE § 1062 n.14 (4th ed.) (collecting cases holding that significant participation, such as in a trial or motion contesting the merits of the suit, constitutes a waiver of defective service of process).
[22] FED. R. CIV. P. 4(a).
[23] *Way v. Mueller Brass Co.*, 840 F.2d 303, 306 (5th Cir. 1988).
[24] Dkt. No. 20.
[25] *See Balderas v. Nguyen*, No. 3:19-CV-2826-D, 2020 U.S. Dist. LEXIS 84847, at *4 (N.D. Tex. May 14, 2020) ("Here, it is not clear whether Perla or plaintiffs attempted to effect service, and plaintiffs, as parties, are not permitted to serve defendants. . . . Without this information, Perla's affidavit constitutes insufficient proof that defendants were served."); *Webb v. Dall. Area Rapid Transit*, No. 3:17-CV-878-M-BN, 2017 WL 4082445, at *2 (N.D. Tex. Aug. 22, 2017).
[26] Dkt. Nos. 20, 20-1.
[27] *Gilliam v. County of Tarrant*, 94 F. App'x 230 (5th Cir. 2004) (per curiam) (citing *Peters v. United States*, 9 F.3d 344, 345 (5th Cir. 1993)).

information document states that the "item was delivered" to potentially the wrong address without elaboration,[28] the other document indicates the "item was delivered to the front desk, reception area, or mail room."[29] Both documents are insufficient service of process under Rule 4(h)(1)(B), because that rule requires that service be made "to an officer, a managing or general agent, or any other agent authorized by appointment or by law." Service to an address's mailbox or front desk does not constitute service on the proper party or agent.

Although service may be also effected under Texas state law,[30] the Fifth Circuit has recognized that Texas Rules of Civil Procedure 106 and 107 require that, for service made by certified mail, the addressee's signature must appear on the return receipt.[31] Because no return receipt has even been filed, Plaintiffs have also failed to comply with Texas state law for service of process.[32]

While the Court acknowledges that Plaintiffs are proceeding pro se, the Court noted in its February 8, 2021 order that Plaintiffs would be expected to follow all Federal Rules of Civil Procedure,[33] and the Court further explained at the February 22nd conference that the case would be dismissed if Plaintiffs failed to properly serve Defendants by March 15th.[34] The United States Supreme Court has "never suggested that procedural rules in ordinary civil litigation should be interpreted so as to excuse mistakes by those who proceed without counsel"[35] and the Fifth

---

[28] Dkt. No. 20-1 at 2 (the item was delivered to "DALLAS, TX 75202" but the certified mail receipt indicates the parcel should go to "Dallas TX 75201").
[29] Dkt. No. 20 at 2.
[30] FED. R. CIV. P. 4(h)(1)(A); FED. R. CIV. P. 4(e)(1) (service may be made by "following state law for serving a summons in an action brought in courts of general jurisdiction in the state where the district court is located [Texas] or where service is made [also Texas].").
[31] *Ayika v. Sutton*, 378 F. App'x 432, 434 (5th Cir. 2010) (per curiam).
[32] *Cf. Starrett v. City of Richardson*, No. 3:18-CV-0191-L, 2018 U.S. Dist. LEXIS 136296, at *8 (N.D. Tex. July 27, 2018) (citation omitted) ("The copy of the signed return does not show that it was signed by either the addressee or the addressee's agent, since neither option was selected and the signature is illegible. Plaintiff's attempted service was therefore insufficient.").
[33] Dkt. No. 11 at 1 n.5.
[34] Minute Entry (Feb. 22, 2021).
[35] *McNeil v. United States*, 508 U.S. 106, 113 (1993).

Circuit noted that "[t]he right of self-representation does not exempt a party from compliance with relevant rules of procedural and substantive law. . . . To hold that a pro se litigant's ignorance of [the applicable rule] excuses his compliance with the rule would automatically excuse his failure to serve his defendants timely."[36] The Court already tendered the notice of potential dismissal required by Federal Rule of Civil Procedure 4(m) on February 8th and 22nd. Therefore, the Court finds that the prerequisites for dismissal under Rule 4(m) have been met.[37]

### III. CONCLUSION AND HOLDING

In light of Plaintiffs' failure to effect proper service of process within the 90-day period provided in Federal Rule of Civil Procedure 4(m), the Court "must dismiss the action without prejudice against that defendant or order that service be made within a specified time."[38] Because of repeated monitions to Plaintiffs regarding the Rules and service of process, and Plaintiffs' failure to serve process to date, the Court finds that dismissal is appropriate. Accordingly, the Court **DISMISSES** this case without prejudice to refiling. This case is terminated and the Clerk of the Court is instructed to close the case.

IT IS SO ORDERED.

DONE at McAllen, Texas, this 22nd day of March 2021.

_____
Micaela Alvarez
United States District Judge

---

[36] *Kersh v. Derozier*, 851 F.2d 1509, 1512 (5th Cir. 1988) (alteration in original) (quotation omitted).
[37] *See Thompson v. Maldonado*, 309 F.3d 107, 110 (2d Cir. 2002) (holding that a district court must give notice before dismissing a complaint under Rule 4(m)); *Brown v. District of Columbia*, 514 F.3d 1279, 1286 (D.C. Cir. 2008).
[38] FED. R. CIV. P. 4(m).